FILED
AUG 26 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAVID GEORGE CHANDLER, | CV. 08-962-ST |
| Plaintiff, | ORDER |
| v. | |
| MAX WILLIAMS, et al., | |
| Defendants. | |

KING, District Judge.

This prisoner 42 U.S.C. § 1983 case comes before the court on plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#100). Specifically, plaintiff asks the court to: (1) formally permit him to attend "early chow" in his prison's dining hall; (2) implement a policy indefinitely placing his housing unit first in the meal rotation; and (3) indefinitely guarantee that plaintiff be housed only in a mental-health housing. Motion (#100), p. 1. For the reasons which follow, the court denies plaintiff's Motion.

1 - ORDER

## STANDARDS

The standards for a temporary restraining order ("TRO") and a preliminary injunction are essentially identical. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A preliminary injunction is appropriate if the moving party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Id.* A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

## DISCUSSION

The allegations currently before the court pursuant to the operative pleading in this case pertain to alleged violations of plaintiff's Eighth and Fourteenth Amendment rights based upon defendants' failure to create a separate prison for sex offenders and for failing to protect him. Plaintiff also brings a First Amendment claim based on his prison's refusal to allow him to

2 - ORDER

receive what it deems to be sexually explicit material. Finally, plaintiff alleges that these actions not only violate the First and Eighth Amendments, but also violate his right to due process of law.

Nowhere in the operative pleading in this case does plaintiff make an allegation regarding the timing of his meals, nor does he make any kind of claim regarding housing based on mental impairment. Because the claims raised in plaintiff's Motion seeking a temporary restraining order and preliminary injunctive relief are not at issue in this case, he is unable to demonstrate any likelihood of success on the merits of these claims. As such, preliminary injunctive relief is not appropriate. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits).

In addition, plaintiff is asking the court to issue an injunction to force defendants to make a change to the status quo, not preserve it. These kinds of mandatory injunctions are generally disfavored. *Marlyn Nutraceuticals, Inc v. Mucas Pharma Gmbh & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (mandatory injunctions which go beyond the status quo is particularly disfavored). As a result, plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is denied.

///

## CONCLUSION

plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#100) is DENIED.

IT IS SO ORDERED.

DATED this 26 day of August, 2010.

_____
Garr M. King
United States District Judge