IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DAVID GEORGE CHANDLER**, <br><br> Plaintiff, <br><br> v. <br><br> **MAX WILLIAMS,** *Dir. Ore. Dep't Corr.*; **RICK COURSEY,** *Acting Superintendent E. Ore. Corr. Inst.*; **DON MILLS**, *Superintendent TRCI*; **RANDY GEER**, *Chief of Inmate Servs.*; **RICHARD MCGRAW,** *Transitional Servs. Manager*; **GEORGIANNA EMERY,** *Institutional Counselor*; **GARY CLARK,** *Transitional Servs. Manager*; **PARKLYN MAINE**, *Grievance Counselor*; **BRIGITTE AMSBERRY,** *Asst. Superintendent*; and **ROBERT HILLMICK**, *Institutional Counselor*, <br><br> Defendants. | Case No. 3:08-CV-00962-ST <br><br><br> **OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

Diane C. Cady, PO Box 1424, Hillsboro, OR 97214. Attorneys for Plaintiffs.

Ellen F. Rosenblum, Attorney General, and Shannon M. Vincent, Assistant Attorney General, Department of Justice, 1162 Court Street NE, Salem, OR 97301. Attorneys for Defendants.

**Michael H. Simon, District Judge.**

David Chandler ("Chandler" or "Plaintiff") is a convicted sex offender confined by the

Oregon Department of Corrections ("ODOC") at the Eastern Oregon Correctional Institution

PAGE 1 – OPINION AND ORDER

("EOCI"). For much of his time at EOCI, Chandler has been housed in the F2 Unit, also known as the mental health unit. When he has interacted outside his unit with the general prison population, Chandler has been harassed because he is a sex offender, and he was once grabbed and slapped by another inmate in the F2 Unit's bathroom. Based on what he has witnessed and heard from other sex offender inmates, Chandler believes that he could be harassed, threatened, and assaulted whenever he comes into contact with the general prison population. He thus spends most of his time in the F2 Unit, avoiding meals, recreational opportunities, and work assignments. According to Chandler, he has been disciplined more than once for refusing housing transfers or work assignments that he believes will expose him to danger.

In 2008, Chandler filed a *pro se* complaint alleging, *inter alia*, that certain ODOC officials and employees ("Defendants") violated his Eighth Amendment right to be free from cruel and unusual punishment because they would not segregate sex offenders like Chandler into separate prisons in order to "prevent the endemic harassment, menacing, intimidating, coercion, extortion, and assault of [sex offenders] by other inmates." Am. Compl., Claim I (Dkt. 25). Claim I alleges that this refusal violates Chandler's "right to be free from dangerous and unsafe prison conditions" under the Eighth Amendment. Claim III similarly alleges that the denial of Chandler's request for a transfer to a sex offender-only prison "so as to provide a safe environment for plaintiff to eat and exercise" violated Chandler's right "to be provided with safe prison conditions conducive to inmate health and well-being." Am. Compl., Claim III (Dkt. 25). These are the only claims remaining in the case. *See* Dkt. 119.

AFter discovery, Defendants renewed their motion for summary judgment on the two remaining claims. On December 4, 2012, U.S. Magistrate Judge Janice M. Stewart issued findings and recommendations. Dkt. 197. Judge Stewart recommended granting Defendants'

PAGE 2 – OPINION AND ORDER

motion as to Plaintiff's demand for a sex offender-only prison and as to all Defendants except for Rick Coursey and Richard McGraw. *Id.* at 38. No one has objected to this portion of Judge Stewart's findings and recommendations.

Judge Stewart recommended denying Defendants' motion, however, as to Chandler's more general claim that Coursey and McGraw were deliberately indifferent to the substantial risk of serious harm Chandler faces when interacting with inmates from the general prison population. *Id.* at 15, 38. In particular, Judge Stewart found two disputed fact issues that would support this broader claim if resolved in Chandler's favor: whether ODOC reasonably responded to Chandler's request that overcrowding in the dining halls be addressed, and whether ODOC reasonably responded to Chandler's request for protective custody. *Id.* at 33. Defendants timely filed objections to this portion of Judge Stewart's Findings and Recommendation. Dkt. 203. At the Court's request, Plaintiff responded to Defendants' objections. Dkt. 205. For the reasons stated below, the Court ADOPTS Judge Stewart's Findings and Recommendation, Dkt. 197.

## STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review de novo magistrate's findings and

PAGE 3 – OPINION AND ORDER

recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## DISCUSSION

The Court has reviewed for clear error and adopts those portions of Judge Stewart's Findings and Recommendation to which no party has objected. For those portions to which Defendants have objected, the Court has reviewed the Findings and Recommendation *de novo* and agrees with Judge Stewart's analysis. It therefore adopts the Findings and Recommendation, Dkt. 197, in full for the reasons stated therein. The Court addresses, however, three new arguments raised by Defendants in response to Judge Stewart's Findings and Recommendation.

First, Defendants argue that Chandler's Eighth Amendment claims are limited to a demand for segregated facilities. Claims I and III specifically seek segregated facilities for sex offenders, and the complaint asks for "[a] preliminary and permanent injunction ordering defendants to: promptly segregate all sex offenders in ODOC custody into separate, dedicated facilities, including intake, and transport." Am. Compl. at 10 (Dkt. 25). Nonetheless, Claims I and III also allege more generally that Defendants refuse "to ensure plaintiff's … safety" and "to provide a safe environment for plaintiff to eat and exercise." *Id.* at 5, 7. Construing this *pro se* complaint liberally, Claims I and III state an Eighth Amendment claim that Defendants were deliberately indifferent to the risk that Chandler would be harmed by other prisoners.

Second, Defendants argue that Chandler did not exhaust his administrative remedies regarding overcrowding in the dining hall and thus cannot seek relief related to the dining hall

PAGE 4 – OPINION AND ORDER

policies. Under the Prison Litigation Reform Act, as interpreted by the Ninth Circuit, "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). "If, however, a plaintiff files an amended complaint adding new claims based on conduct that occurred after the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk for filing." *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012). "[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 1211 (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)) (internal quotation marks omitted). It is true that, in administrative grievances filed before his amended complaint, Chandler specifically sought a separate facility for sex offenders, but he also requested protection from "the level of sustained harassment perceived sex offenders must endure in a mixed-inmate population," and he asserted that his "safety will be in jeopardy" as long as he shares facilities with non-sex offender inmates. Dkt. 183-3 at 3-4. These grievances were sufficient to alert EOCI that Chandler feared for his safety when interacting with the general prison population. This is the Eighth Amendment claim remaining in this case.

It does not matter that Chandler submitted internal grievances about dining hall policies only after he filed his amended complaint because Chandler is not asserting a claim based specifically on dining hall policies. Rather, the dining hall policies bear on the question of whether Defendants have responded reasonably to known risks. When a prisoner-plaintiff "seeks injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm," he or she must demonstrate that the defendants' deliberate indifference to that risk continues through the litigation and into the future. *Farmer*, 511 U.S. at 846. Thus "the inmate may rely …

PAGE 5 – OPINION AND ORDER

on developments that postdate the pleadings" to establish continuing deliberate indifference, just as Defendants may rely on subsequent developments to demonstrate that they are not unreasonably disregarding serious risks of harm. *See id.* at 846 & n.9.

Third, Defendants object that interpreting Claims I and III more broadly leaves unclear what precise injunctive relief Chandler seeks. At summary judgment, the Court is only determining whether Chandler may proceed to trial on the question of Defendants' liability. It is sufficient for now to establish that Chandler seeks only equitable relief. *See* Findings & Recommendation at 11-12 (Dkt. 111), *adopted by* Order, Dkt. 119. The details of any such relief can be determined, as appropriate, at the remedies stage of the proceedings.

## CONCLUSION

The Court ADOPTS Judge Stewart's Findings and Recommendation, Dkt.197. It GRANTS IN PART and DENIES IN PART Defendants' Supplemental Motion for Summary Judgment, Dkt. 174. Specifically, the Court grants summary judgment against Plaintiff's request for a separate dedicated facility for sex offenders and grants summary judgment in favor of Defendants William, Mills, Emery, Amesberry, Hillmick, and Maine. The Court denies summary judgment on Claims I and III to the extent they seek declaratory and injunctive relief against Defendants Coursey and McGraw for being deliberately indifferent to the substantial risk of serious harm to Chandler when interacting with inmates outside the F2 Unit.

**IT IS SO ORDERED**.

DATED this 7th day of June, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge